OPINION
Defendant-Appellant, Dennis L. Gallaspie ("Appellant"), appeals the decision of the Allen County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
The procedural facts and history of the case are as follows. In October of 1993, Appellant was indicted by the Allen County Grand Jury and charged with two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). On September 1, 1994, Appellant entered an Alford plea to count one of the charges. Appellant was then found guilty of the offense. In exchange for Appellant's plea, the second count was dismissed by the State.
While serving his term in prison, the Ohio Department of Rehabilitation and Corrections recommended that Appellant be classified as a sexual predator pursuant to R.C. 2950.09. A sexual predator hearing was held on April 22, 1999, in the Allen County Court of Common Pleas. At the conclusion of the hearing, the trial court found that Appellant was a sexual predator pursuant to the criteria set forth in R.C. 2950.09.
Appellant now appeals, asserting the following two assignments of error:
ASSIGNMENT OF ERROR NO. I
 Ohio Revised Code Chapter 2950 Et Seq., as applies to defendant-Appellant, is unconstitutional in that it violates Defendant's protections of Section 1, Article I and Section 16, Article 1 of the Ohio Constitution as decided in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191. [sic]
In his first assignment of error, Appellant asserts that R.C. 2950 violates Article I, Sections 1 and 16 of the Ohio Constitution. In particular, Appellant contends that the statute is an invalid use of the State's police power because it is oppressive upon individuals. Appellant further maintains that the statute is an unreasonable and arbitrary infringement upon individual privacy rights.
In support of the foregoing, Appellant cites the Eleventh District Court of Appeals decision of State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406. In Williams, the court found R.C. 2950 unconstitutional on the grounds that it violates ArticleI, Section 1 of the Ohio Constitution.
This Court has recently addressed the issues raised in this assignment of error. In State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, this Court upheld the constitutionality of R.C. 2950 by finding that it constitutes a valid use of the State's police power and is not an unreasonable or arbitrary infringement upon individual privacy rights. Furthermore, in State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported, this Court found the Supreme Court of Ohio's discussion of the constitutional considerations in State v. Cook
(1998), 83 Ohio St.3d 404, to be highly persuasive that R.C. 2950 is constitutional in its entirety.
For the aforementioned reasons, we find that R.C. 2950 does not violate Article I, Sections 1 and 16 of the Ohio Constitution. Accordingly, Appellant's first assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court determination that Defendant was a sexual predator, as defined in Ohio Revised Code 2950.09(E), is contrary to the manifest weight of the evidence.
Appellant asserts in his second assignment of error that the trial erred in finding that he is a sexual predator. Specifically, Appellant maintains that the trial court's decision that he is likely to engage in the future in one or more sexually oriented offenses is not supported by sufficient evidence.[1]
We first note that R.C. 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when deciding an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(C)(2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that Appellant is a sexual predator. The standard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469. In reviewing the trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
Again, R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In the instant matter, Appellant pleaded guilty to one count of gross sexual imposition. The offense of gross sexual imposition qualifies as a "sexually oriented offense" under R.C. 2950.01(D)(1). Thus, we need only determine whether there is sufficient evidence to show, by the requisite clear and convincing standard, that Appellant is likely to engage in these types of offenses in the future.
In the case before us, after reviewing all the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the trial court found by clear and convincing evidence that Appellant is likely to engage in the future in one or more sexually oriented offenses. In so finding, the trial court placed great emphasis on the factors listed in R.C. 2950.09(B)(2) which weighed heavily in favor of a finding of sexual predator status.
The following facts support the trial court's determination: In the early morning hours of April 13, 1993, Shiela D. Gilbert returned home from work and discovered Appellant, her boyfriend, age forty-four, and the victim, the eleven-year old daughter of a mutual friend, sharing the same bed. In her statement to the police, Gilbert stated that Appellant was naked and the victim was wearing only a T-shirt. Gilbert further stated that she observed a vibrator and a roll of toilet paper on the nightstand beside the bed.
On April 20, 1993, a caseworker from the Allen County Children's Services Department interviewed the victim. In her statement, the victim stated that Appellant had on numerous occasions touched her breasts, inserted his fingers in her vagina, performed oral sex on her, had sexual intercourse with her, and made her fondle his genitals. The victim stated to the caseworker that this activity had taken place on a regular basis.[2] A subsequent medical examination revealed that the victim had likely been sexually abused. Appellant denied all of the above allegations.
In a later interview, the victim informed the caseworker that Appellant had also made sexual advances toward her friend. The victim also stated that Appellant had offered her and her friend marijuana and had, on several occasions, given them coffee that had been laced with alcohol.
Pursuant to the above facts, we find that the trial court had sufficient evidence before it from which to find by clear and convincing evidence that Appellant is likely to engage in the future in one or more sexually oriented offenses. Consequently, we cannot find that the evidence was insufficient as a matter of law to support the trial court's determination that Appellant is a sexual predator.
Accordingly, Appellant's second assignment of error is not well-taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and WALTERS, J., concur.
[1] Although Appellant's assignment of error appears to assert a manifest weight of the evidence claim, in his brief Appellant argues that the finding of the trial court was against the sufficiency of the evidence. Thus, we will address Appellant's argument under a sufficiency of the evidence standard.
[2] It appears from the record that the alleged sexual abuse began in October of 1991.